# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL FOGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:07CV281 HEA |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Michael Fogle for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff is a civilly committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), and he is currently awaiting trial on whether he is a sexually violent predator (SVP) under the Missouri Sexually Violent Predators Act, Mo. Rev. Stat. § 632.480 - 632.513.  Plaintiff brings this suit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that some time ago he injured his right hand.  Plaintiff claims that, as a result of the injuries, he now suffers from arthritis and pain in his right hand. Plaintiff further claims that he suffers from pain when he writes and that he can only

write for short periods of time. To relieve his difficulty writing, plaintiff requests that the Court order MSOTC to allow plaintiff to purchase and have in his room various items, namely: one laptop computer, one "all-in-one" printer, six ink cartridges, CD's, and DVD's. Additionally, plaintiff seeks to "be allowed unlimited use of [the] above items." Plaintiff contends that he would permit MSOTC staff to investigate the laptop, etc., for contraband. Finally, plaintiff seeks to recover any costs of bringing this action and for future medical care required to repair his hand.

## Discussion

The complaint is frivolous or fails to state a claim upon which relief can be granted because the allegations do not rise to the level of constitutional violations. Plaintiff has not alleged sufficient facts to state a claim for denial of meaningful access to the courts because the alleged facts do not show that he has "suffered an actual injury to pending or contemplated legal claims."[1] *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). And plaintiff has not alleged sufficient facts to state a claim for medical mistreatment because the alleged facts do not show that he has suffered from an objectively serious medical problem or that defendants have acted with deliberate

---

[1] The Court notes that its own records indicate that plaintiff has not been denied access to the courts. Since he has been detained at MSOTC, plaintiff has attempted to obtain § 2254 habeas relief four times without first exhausting available state remedies. Additionally, this is the third § 1983 complaint he has brought in that time.

indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 21st Day of February, 2007.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE